IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA CARTER, | TRIAL BY JURY DEMANDED |
| PLAINTIFF, | |
| -V- | CASE NO. 14CV4984 |
| ASSET ACCEPTANCE, LLC., | |
| DEFENDANT. | |



**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ('FCRA')**
**NATURE AND CAUSE OF ACTION**

1. Plaintiff, PATRICIA CARTER, hereby files this complaint, individually against Defendant, ASSET ACCEPTANCE, LLC, (ASSET) for its violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*.

## I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; 28 U.S.C. § 1337; and supplemental jurisdiction exists for statutory claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here; the Defendant transacts business here; and the conduct complained of occurred here.

4. All conditions precedent to the bringing of this action have been performed.

## II. PARTIES

5. Plaintiff, Patricia Carter is a natural person residing in Bronx, New York and is a "consumer" as defined in FCRA 15 U.S.C. § 1681a(c).

6. Defendant Asset is a "debt collector" as defined by 15 U.S.C. § 1681a(6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, and a "user of information" as defined by 15 U.S.C. § 1681m. It has a principal place of business located at 28405 Van Dyke

Warren, MI 48090.

### III. FACTUAL ALLEGATIONS

7. In **June of 2014**, Plaintiff obtained her Transunion credit report and discovered that Defendant, who is unknown to her, had obtained and/or inquired into her personal credit file on two separate occasions. Once on 10/19/2012 and again on 10/28/2012.

8. Plaintiff has since ordered her the two other credit reports in order to determine if more violations have been committed by Defendant.

9. Upon discovery of other violations, Plaintiff requests the opportunity to amend her complaint to include any new causes of action.

10. Plaintiff alleges for the record that there is not nexus between Plaintiff and Defendant because Defendant has never had any business relationship with Defendant, nor is Defendant a creditor or lender of Plaintiff's; nor has the Defendant ever provided any credit or services to Plaintiff.

9. On June 9, 2014, Plaintiff provided Defendant with an opportunity to provide an explanation and determination as to why Defendant intruded into her private credit file and attempted mitigation by sending to it, by facsimile, a letter inquiring why it was inquiring into her personal credit report.

10. Defendant has not responded to date.

12. At no time did Plaintiff give her consent for Defendant to acquire or inquire into her credit reports from any credit reporting agency.

### IV. COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ASSET ACCEPTANCE, LLC.

13. Paragraphs 1- 12 are re-alleged as though fully set out herein.

14. Plaintiff is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

15. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

16. The "consumer credit report" is a consumer report (hereinafter "credit report") within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

17. All actions taken by Defendant were done with willfully and with the knowledge that their actions would very likely harm Plaintiff; and/or that their actions were taken in violation of the FCRA; and/or that Defendant knew or should have known that its actions were in reckless disregard of the FCRA.

18. The FCRA, 15 USC §1681(b) defines the permissible purposes for which a person may obtain a credit report. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the Inquiry.

19. At no time did Plaintiff give her consent for Defendant to acquire or inquire into her consumer credit report from any credit reporting agency.

20. The actions of Defendant by obtaining or inquiring into her personal consumer credit report with no permissible purpose or her express consent was a willful violation of FCRA, 15 U.S.C. § 1681b committed with actual malice and an egregious violation of Plaintiff's right to privacy.

21. At no time has Plaintiff ever provided any valid justification as to why they obtained Plaintiff's personal credit report. As a business engaging in sound and fair business practices, Defendant owes and has a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty.

22. At no time has Plaintiff ever provided any valid justification as to why they obtained Plaintiff's personal credit report. As a business engaging in sound and fair business practices, Defendant owes and has a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty.

23. Plaintiff is entitled to statutory damages.

24. Due to Defendant's acts, Plaintiff has suffered anxiety over being denied credit.. Plaintiff's anxiety of being violated and was a proximate cause of Defendant's actions.

25. Plaintiff is entitled to statutory damages.

26. Defendant's negligent and noncompliant acts may have been a direct violation of 15 USC §1681(n) and 15 USC§1681(o).

27. Defendant's actions are willful and negligent because Defendant knew or should have known that it has not demonstrated any of the above permissible purpose to make such an inquiry and appears to be in violation of 15 U.S.C. § 1681n.

28. Plaintiff had no other avenue to take other than seeking her remedy for damages by filing this civil action against Defendant's perceived violations.

29. As a result of the Defendant's consumer obstructions, Plaintiff demands judgment for damages against Defendant for actual and statutory damages of $1,000 for each violation, attorney fees, and other costs pursuant to 15 U.S.C.§1681(n), and 15 USC §1681(o).

**WHEREFORE**, Plaintiff demands judgment for statutory damages against Defendant to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

Dated: June 26, 2014

Respectfully submitted,

Patricia Carter